UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **AARON URBANSKI,**<br>    *Plaintiff,*<br><br>    v.<br><br>**ROBERT BLUNCK, IN HIS OFFICIAL CAPACITY AS OFFICER FOR THE CITY OF CLEBURNE POLICE DEPARTMENT AND INDIVIDUALLY,**<br>**CITY OF CLEBURNE POLICE DEPARTMENT,**<br>**CITY OF CLEBURNE, TEXAS,**<br>    *Defendants.* | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Aaron Urbanski and files his Original Complaint, complaining of and about defendants Robert Blunck, City of Cleburne Police Department, and City of Cleburne, Texas, for reasons stated. In support of, he shows as follow:

## I.

## PARTIES

1. At the time of the events complained of herein, Plaintiff Aaron Urbanski, a natural person, resided in or about Johnson County, Texas.

2. Defendant Robert Blunck is a natural person who, on information and belief, resides in or about Johnson County, Texas; this party is sued in his official capacity as Officer for City of Cleburne Police Department and individually.

3. Defendant City of Cleburne Police Department is, on information and belief, a non-natural governmental entity, with its primary base of operations at 302 West Henderson Street, Cleburne, Texas 76033-5448, in Johnson County, Texas; this party may be served with process by serving Chief Rob Severance or other duly authorized person to receive and accept service for the said party, at or about 302 West Henderson Street, Cleburne, Texas 76033-5448, or whereafter the said Chief Rob Severance or other duly authorized person to receive and accept service may be found; and this party is sued as an agency for Defendant City of Cleburne, Texas.

4. Defendant City of Cleburne, Texas is a political and geographical subdivision of the State of Texas, with its primary base of operations at

10 North Robinson Street, Cleburne, Texas 76031; this party may be served with process by serving Scott Cain or other duly authorized person to receive and accept service for the said party, at or about 10 North Robinson Street, Cleburne, Texas 76031, or whereafter the said Mayor Scott Cain or other duly authorized person to receive and accept service may be found.

## II.

## JURISDICTION AND VENUE

5.   This is an action for damages pursuant to 42 U.S.C. § 1983 based on the continuing violations of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments, to the United States Constitution.

6.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, based on 42 U.S.C. §1983, and because of questions of federal constitutional law; and, further, this Court is able to exercise pendant or supplemental jurisdiction as to those claims existing and brought under State law, pursuant to 28 U.S.C. §1367.

7.   The amount of damages and amount in controversy is more than seventy-five thousand dollars ($75,000.00).

8.   Venue is proper because the events and conduct complained of

occurred within the United States Northern District of Texas.

## III.

## FACTS

9. On December 8, 2018, Plaintiff Aaron Urbanski was engaged in constitutionally protected right to express his views by protesting peaceably, on public property outside or near Saint Mark United Methodist Church, located at or about 1109 West Henderson Street, Cleburne, Texas 76033.

10. Through the peaceable exercise of his rights, Plaintiff Aaron Urbanski publicly voiced his grievances, complaining and denouncing the act of lying to children while purporting to raise them under tenants of Christianity and promoting acts in the name of a certain false idol, to wit: Santa Clause.

11. Plaintiff Aaron Urbanski is born-again Christian and holds the teachings of the Bible deeply, such that he believed – and believes – the conduct he was protesting and complaining about, and employed or engaged in others, including by some or all of those parishioners of Saint Mark United Methodist Church, was and is a sin.

12. As a strong believer of those fundamental tenants of the

Christian faith, Plaintiff Aaron Urbanski believes it his duty to also ensure others are not led astray, and follow the practices he was voicing that day.

13. On December 8, 2018, while located on a public sidewalk, Plaintiff Aaron Urbanski was exercising his right to freedom of speech guaranteed by the First Amendment to the Constitution by protesting the practices occurring at Saint Mark United Methodist Church.

14. The public area in question is located along or by Saint Mark United Methodist Church, in a busy area featuring nearby businesses and automobile traffic, and can be busier and noisier than average at those times during which Plaintiff Aaron Urbanski was there that day.

15. On December 8, 2018, Plaintiff Aaron Urbanski was protesting in the public and busy section identified above, during a time expected to busier than typical, and therefore Plaintiff Aaron Urbanski used a megaphone to convey his constitutionally-protected messages.

16. On information and believe, Complainant Angela Allen, a private citizen called the police to complain about Plaintiff Aaron Urbanski as he was protesting on December 8, 2018.

17. Defendant Robert Blunck responded and arrived on the scene as and while Plaintiff Aaron Urbanski engaged in protesting and the exercise

of his First Amendments rights.

18. Defendant Robert Blunck stated that a person had called about and with a noise complaint, and Defendant Robert Blunck demanded the identification of Plaintiff Aaron Urbanski, as well as the other individuals who were also exercising their First Amendment rights.

19. After complying with the directive to identify himself, Plaintiff Aaron Urbanski sought to go back to exercising his First Amendment rights and protesting, but Defendant Robert Blunck placed him under arrest for disorderly conduct by noise.

20. Defendant Robert Blunck did not measure the decibel level of Plaintiff Aaron Urbanski's speech nor of the surroundings.

21. Defendant Robert Blunck also did not measure or observe the noise inside the dwelling of the complaining citizen.

22. Through his activities on public grounds, Plaintiff Aaron Urbanski was engaging in activity protected under the First Amendment to the Constitution.

23. It was obvious that Plaintiff Aaron Urbanski was intending only to speak and protest on the public portions or areas, as protected by the First Amendment, and it was obvious that Plaintiff Aaron Urbanski was

clearly not intending to engage in disorderly conduct through his actions.

24. Plaintiff Aaron Urbanski conveyed such intention in his interactions with Defendant Robert Blunck, and voiced that he was merely exercising his First Amendment rights.

25. Nevertheless, Plaintiff Aaron Urbanski was arrested by Defendant Robert Blunck and charged with disorderly conduct by noise for conveying his protected speech.

26. Probable cause, however, did not exist to arrest Plaintiff Aaron Urbanski for the crime charged - nor for any other crime.

27. Plaintiff Aaron Urbanski informed Defendant Robert Blunck that he was merely engaging in his protected rights by protesting and was not engaged in any illegal nor otherwise prohibited conduct.

28. Defendant Robert Blunck gave no indication that Plaintiff Aaron Urbanski would be arrested for his protected activities.

29. Plaintiff Aaron Urbanski's arrest on December 8, 2018, for the purported conduct on the said day, was docketed with the Honorable County Court at Law No. 1, of Johnson County, Texas, as Cause No. M201801920, styled "State v. Urbanski"; and in the said proceeding, Plaintiff Aaron Urbanski was *persecuted* for exercising his constitutional rights

on December 8, 2018.

30. Based on any objective or subjective observation and assessment of the conduct of Plaintiff Aaron Urbanski, Defendant Robert Blunck should have known he lacked probable cause to arrest Plaintiff Aaron Urbanski and that he was engaging in protected conduct.

31. A reasonable officer would not have believed probable cause existed to arrest Plaintiff Aaron Urbanski; nevertheless, Defendant Robert Blunck proceeded to arrest Plaintiff Aaron Urbanski despite the fact that he was engaging in conduct clearly established as protected under the First Amendment.

32. On July 7, 2021, the charges against Plaintiff Aaron Urbanski were dismissed by the State without penalty or disability being imputed onto Plaintiff Aaron Urbanski, and the said Plaintiff Aaron Urbanski was not found guilty of having violated any offense.

33. Due to the foregoing events, as well as those ancillary thereto, Plaintiff Aaron Urbanski forced to spend time and energy defending his conduct, character, reputation, employment status, sanctity of his matrimonial union, and solely acting to prevent a miscarriage of justice.

34. Despite being on notice that the actions are unconstitutional,

Defendant City of Cleburne, Texas and its police officers, including Defendant Robert Blunck continued to blatantly commit constitutional violations, against Plaintiff Aaron Urbanski's constitutional rights.

## IV.

## COUNT 1 - VIOLATION OF RIGHT TO FREE SPEECH

35. Plaintiff Aaron Urbanski incorporates by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

36. Plaintiff Aaron Urbanski was engaged in expressive speech in the quintessential public forum – a public road or area outside of an establishment – place of worship, specifically.

37. Defendant Robert Blunck's actions chilled, deterred, punished, and restricted Plaintiff Aaron Urbanski from engaging in expressive speech in this public forum.

38. Plaintiff Aaron Urbanski's right to protest was chilled, deterred, and restricted when Defendant Robert Blunck unlawfully interfered with Plaintiff Aaron Urbanski's lawful protest that is protected under the First Amendment.

39. Plaintiff Aaron Urbanski right to protest was chilled, deterred,

and restricted when Defendant Robert Blunck arrested him for disorderly conduct for noise for conveying his protected speech.

40. It was objectively clear that Plaintiff Aaron Urbanski's conduct was not disorderly.

41. Moreover, Plaintiff Aaron Urbanski was discriminated against due to the conduct and viewpoint of his speech.

42. Defendants' actions thus constitute a violation of Plaintiff Aaron Urbanski's rights under the Free Speech Clause of the First Amendment of the Constitution.

43. An objectively reasonable police officer under the same circumstance would have known that their conduct violated clearly established law.

44. As a direct and proximate result of Defendants' actions, Plaintiff Aaron Urbanski has suffered and will continue to suffer embarrassment, humiliation, emotional distress, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

45. Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff Aaron Urbanski has incurred attorney fees and other costs.

## V.

## COUNT 2 - FOURTH AMENDMENT—FALSE ARREST

46.     Plaintiff Aaron Urbanski incorporates by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

47.     Pursuant to the Fourth Amendment to the United States Constitution, it is clearly established law that an arrest is unlawful when it is not supported by probable cause.

48.     Defendant Robert Blunck filed or pursued a criminal prosecution for a criminal charge of disorderly conduct against Plaintiff Aaron Urbanski without the requisite probable cause to do so.

49.     Defendant Robert Blunck 's actions did not result from a mistake but rather from a knowing and purposeful decision to arrest Plaintiff Aaron Urbanski due to neighborhood complaints about Plaintiff Aaron Urbanski's protests and the specific subjects thereof, and while knowing such protests constituted constitutionally-protected conduct.

50.     An objectively reasonable police officer under the same circumstance would have known that his conduct violated clearly established law.

51.     As a direct and proximate result of Defendant Robert Blunck's actions, Plaintiff Aaron Urbanski has suffered and will continue to suffer

embarrassment, humiliation, emotional distress, physical and psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

52. Furthermore, Plaintiff Aaron Urbanski has incurred attorney fees and other costs.

## VI.

## COUNT 3 - 1ST, 4TH, & 14TH AMENDMENTS - MUNICIPAL LIABILITY

53. Plaintiff Aaron Urbanski incorporates by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

54. Defendant City of Cleburne, Texas owns, operates, or has control over Defendant City of Cleburne Police Department, as a sub-governmental agency of the said Defendant City of Cleburne, Texas.

55. Defendant City of Cleburne, Texas maintained policies, practices, and customs, which were the moving force that resulted in the Plaintiff Aaron Urbanski's constitutional rights being violated.

56. Moreover, Defendant City of Cleburne, Texas was on notice of a need for further training related to the issues discussed in this action but failed to provide the training, which resulted in the Plaintiff Aaron Urbanski's

constitutional rights being violated.

57. It is believed that the Defendant City of Cleburne, Texas failed to implement a policy, enforce a policy, or train officers on the First Amendment to the U.S. Constitution.

58. Had such training been conducted, the violations of Plaintiff Aaron Urbanski's rights would have been avoided.

59. Even more specifically, it is believed that Defendant City of Cleburne, Texas failed to properly train officers to distinguish between protected First Amendment conduct and unprotected conduct.

60. Had such training been conducted, unlawful arrests of individuals engaged in protected activity, like Plaintiff Aaron Urbanski, could have been avoided.

61. It is believed that Defendant City of Cleburne, Texas has failed to implement a policy of proper safeguards to ensure that innocent people are not threatened with arrest and chilled in their speech in such circumstances.

62. Indeed, for proof of Defendant City of Cleburne, Texas's deliberate indifference to its history of constitutional violations, one need look no further than the multiple occasions on which Defendant City of Cleburne,

Texas encouraged or reveled at the violations of the constitutional rights of others; and, including in the instance of Plaintiff Aaron Urbanski's arrest, when the mayor of the said Defendant City of Cleburne, Texas publicly celebrated on social media.

63. Despite the fact that Plaintiff Aaron Urbanski was never found guilty, the mayor of the said Defendant City of Cleburne, Texas then branded Plaintiff Aaron Urbanski a criminal, hoodlum, and smeared his name and reputation in the media, before the ink was even dry on the jail paperwork.

64. Despite being put on notice that their actions are unconstitutional, Defendant City of Cleburne, Texas, Defendant City of Cleburne Police Department, and Defendant Robert Blunck continued to blatantly commit constitutional violations, and engaged in numerous violations of Plaintiff Aaron Urbanski's constitutional rights, resulting in a chilling of speech.

65. Based on these multiple recent cases involving constitutional violations, it is believed that Defendant City of Cleburne, Texas failed to implement an effective process to ensure that policies of Defendant City of Cleburne, Texas and training are followed by police officers.

66. When it has been determined that officers have violated the First

Amendment rights of persons, or falsely arrested persons, or when police officers have been named in repeated citizen complaints, or when Defendant City of Cleburne, Texas settled civil suits related to the First or Fourth Amendment, it is believed that Defendant City of Cleburne, Texas has not required police officers to receive corrective or additional training.

67.   Plaintiff Aaron Urbanski expects that discovery will reveal that Defendant City of Cleburne, Texas, Defendant City of Cleburne Police Department, or both, did not follow its internal affairs policy and investigate, discipline, or retrain the Defendant Robert Blunck for the conduct discussed in this Complaint.

68.   If it is ultimately determined that an internal affairs investigation occurred, it is believed that discovery will reveal that the investigation was triggered as a result of the instant litigation (so as to be a defense to the litigation), as opposed to when Defendant City of Cleburne, Texas first learned of the incident discussed in this action.

69.   As a direct and proximate result of Defendant City of Cleburne, Texas's policies and practices that caused the Plaintiff's constitutional rights to be violated, Plaintiff Aaron Urbanski has suffered and will continue to suffer embarrassment, humiliation, emotional distress, physical and

psychological harm, pain and suffering, and financial harm, some or all of which may be permanent.

## VII.

## JURY TRIAL DEMAND

70.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues triable by right to a jury.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Aaron Urbanski prays for relief in conformity with this Original Complaint, including, for:

   a.   a trial by jury on all issues and claims in this Original Complaint;

   b.   an award of all damages to which Plaintiff Aaron Urbanski may be entitled and which they may show himself entitled at trial, including, but not limited to compensatory, punitive, any other, and any combination;

   c.   pre-judgment and post judgment interest and recovery of costs;

   d.   an award of Plaintiff's attorneys' fees; and

   e.   for all such other and further relief which Plaintiff may be entitled.

Respectfully submitted,

/s/ Seth Fuller

---

Seth A. Fuller
State Bar No. 24064126
sf@patelfuller.com
Naval H. Patel
State Bar No. 24083629
np@patelfuller.com
Patel Fuller, PLLC
1211 E. 15th St.
Plano, TX 75074-6207
P     214-810-3120
F     214-722-6809

*Counsel for Aaron Urbanski*